UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| FERNANDO BUSTILLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:13-cv-225-JMS-DKL |
| | ) | |
| H. NORRIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Denying Motions for Summary Judgment
and Directing Further Proceedings**

**I. The Motions for Summary Judgment**

Plaintiff Fernando Bustillo brings this action pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that the defendants violated his rights to adequate medical care and retaliated against him. The defendants move for summary judgment arguing that Bustillo failed to exhaust the administrative remedies that were available to him.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." *Fed.R.Civ.P.* 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l– Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 255 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.*

The substantive law identifies which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law applicable to the defendants' motions for summary judgment is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.,* at 532 (citation omitted). "In order to properly exhaust, a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require." *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (internal quotation omitted). "Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, where prison officials render a grievance remedy "unavailable" by refusing to give a grievance form to a prisoner, the inmate is excused from the exhaustion requirement.

Based on the evidence presented, there is no apparent dispute that Bustillo failed to fully exhaust his administrative remedies as to the claims raised in his complaint. What is disputed is whether the administrative remedy process was made unavailable by the conduct of correctional staff, including Counselor Gerhke or Counselor Tadlock. This dispute makes summary judgment inappropriate. To resolve this dispute, an evidentiary hearing pursuant to *Pavey v. Conley*, 544

F.3d 739, 742 (7th Cir. 2008) shall be conducted. Accordingly, the motions for summary judgment [dkt 21 and dkt 33] are each **denied**.

## II. Further Proceedings

Because this case involves similar disputes of fact with respect to the question of whether Mr. Bustillo exhausted his available administrative remedies as the factual disputes identified in Case Nos. 2:13-cv-120-JMS-WGH and 2:13-cv-192-JMS-WGH, the required *Pavey* hearing in this case will be joined with the *Pavey* hearing already set in those cases for **June 26, 2014, at 1:00 p.m.**

**IT IS SO ORDERED.**

Date: 04/24/2014

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Fernando Bustillo
02530-051
Terre Haute United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

Electronically registered counsel