UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| FERNANDO BUSTILLO, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:13-cv-225-JMS-DKL |
| H. NORRIS, | ) |
| Defendant. | ) |

**Entry Denying Motion for Leave to File Amended Complaint**

The Court previously held a hearing in this action on the defendants' affirmative defense that the plaintiff failed to exhaust his available administrative remedies pursuant to *Pavey v. Conley*. The only remaining claim after the *Pavey* hearing is that defendant Norris infected plaintiff Fernando Bustillo with the flu virus. The plaintiff has now moved to file an amended complaint to add several new defendants and claims. Although leave to file shall be given freely "when justice so requires, it may be denied for several reasons including: undue delay, bad faith[,] or dilatory motive[,] ... undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002) (quoting *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993)). Bustillo's motion to amend [dkt 67] must be **denied** as futile for the following reasons.

First, most of the claims in Bustillo's proposed amended complaint violate Rule 20 of the *Federal Rules of Civil Procedure*, which allows joinder of multiple defendants only when 1) the allegations against them involve the same transaction or occurrence and, 2) common questions of fact and law will arise as to all defendants. This includes the following claims:

- Administrative Remedy Coordinator Harrell Watts and Regional Director Paul Laird violated Bustillo's First Amendment rights by rejecting his administrative remedy requests;
- John Doe, an unknown BOP employee, attempted to murder Bustillo on August 12, 2013;
- Unit Manager Brad Shoemaker denied Bustillo access to postage stamps in September and October 2013;
- Prison Nurse Wynn denied Bustillo's requests for medication refills;
- On April 8, 2014, Dr. Wilson suspended Bustillo's prescription for Lactulose® and has routinely denied Bustillo surgery to correct a hernia condition;
- Dr. B. Guinn has routinely denied Bustillo surgery to correct a hernia condition;
- Physician's Assistant Roger Cox field a false medical report on May 28, 2014 related to Bustillo's constipation; and
- BOP employee Rollings denied Bustillo photocopier to copy his legal papers.

Because none of these claims are alleged against defendant Norris or relate to the remaining claim against defendant Norris, they cannot proceed in this lawsuit. *See id.*; *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "unrelated claims against different defendants belong in different suits. . . ."). If Bustillo wishes to bring suit regarding these claims, he must do so through separate lawsuits that do not violate Rule 20. Such lawsuits will be subject to the filing fee and screening requirement of 28 U.S.C. § 1915A.

The additional claim in the proposed amended complaint against defendant Norris, that Norris denied Bustillo insulin in violation of the Eighth Amendment, also must be dismissed as futile. This is because the Court previously ruled that Bustillo failed to exhaust his available administrative remedies as to this claim before filing this lawsuit as required by the Prison Litigation Reform Act ("PLRA"). *See* dkt. 65. Butillo has not requested reconsideration of this

ruling and the Court there is no plausible basis upon which to conclude that the Court's prior ruling was incorrect. To the extent Bustillo argues that he has since exhausted his administrative remedies with respect to this claim, he still cannot revive it in this lawsuit. The PLRA requires a prisoner to exhaust available administrative remedies *before* filing suit. 42 U.S.C. § 1997e(a); *Griffin v. Auterson*, 547 F. App'x 785 (7th Cir. 2013) ("The provision requires prisoners to exhaust administrative remedies before they file suit, not just before the exhaustion defense is raised.") (citing *Burrell v. Powers,* 431 F.3d 282, 284–85 (7th Cir. 2005)). Because, as the Court has already determined, Bustillo did not exhaust his available administrative remedies with respect to his claim that Nurse Norris denied him insulin before bringing this lawsuit, he cannot amend his complaint to bring this claim in this case. If he has since exhausted his available administrative remedies, he may raise such claim in a separate lawsuit.

For the foregoing reasons, Bustillo's proposed amended complaint is futile and his motion to amend [dkt 67] must therefore be **denied**.

**IT IS SO ORDERED.**

Date: __October 24, 2014__

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

FERNANDO BUSTILLO
Reg. No. 02530-051
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel