UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| FERNANDO BUSTILLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:13-cv-225-JMS-DKL |
| | ) | |
| KARL NORRIS, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Fernando Bustillo, an inmate at the United States Penitentiary in Terre Haute, Indiana brings this action pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). Mr. Bustillo alleges that on October 11, 2012, defendant Karl Norris, a nurse at the prison, "infected plaintiff with the flu virus by using a contaminated needle or the actual virus upon injecting plaintiff with what looked like twenty units of insulin . . . ."[1] Arguing that he lacks any personal involvement in this conduct, Norris moves for summary judgment. For the following reasons, Norris's motion for summary judgment [dkt 76] is **granted**.

**I. Summary Judgment Standard**

On summary judgment, the moving party bears the burden of demonstrating that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A "material" fact is one identified by the substantive law as affecting the outcome of the suit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A "genuine issue" exists with respect to any material fact when "the evidence is such that a reasonable jury

---

[1] Mr. Bustillo's other claims against Norris and other defendants were dismissed for failure to exhaust his available administrative remedies. {Dkt. 65.}

could return a verdict for the nonmoving party." *Id.* Where a factual record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citing *Bank of Ariz. v. Cities Servs. Co.,* 391 U.S. 253, 289 (1968)).

In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in that party's favor. *Kerri v. Bd. of Trustees of Purdue Univ.,* 458 F.3d 620, 628 (7th Cir. 2006); *King v. Preferred Technical Grp.,* 166 F.3d 887, 890 (7th Cir.1999). However, the non-moving party cannot simply rest on the allegations or denials contained in its pleadings, but must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986); *Robin v. Espo Eng'g Corp.,* 200 F.3d 1081, 1088 (7th Cir. 2000).

## II. Undisputed Facts

Defendant Karl Norris is a registered Clinical Nurse employed by the Federal Bureau of Prisons ("BOP") who has worked at the Federal Correctional Complex in Terre Haute ("FCC Terre Haute") since 2010. Along with other clinical staff, Nurse Norris provides medical services to inmates at the FCC Terre Haute.

Mr. Bustillo's BOP medical records show that he received his insulin injection on October 11, 2012, at approximately 5:00 p.m. Nurse Norris did not administer the injection. Norris was not on duty that day as he had taken leave under the Family and Medical Leave Act. Norris was also off work or on leave on the days surrounding Mr. Bustillo's insulin injection; October 8, 9, 10, 11 and 12, 2012.

### III. Discussion

Norris argues that because he was not at work on the day Mr. Bustillo alleges that he injected him with the flu virus, or any of the surrounding days, he could not have participated in the conduct Mr. Bustillo alleges and therefore cannot be held liable on the claim that he infected Mr. Bustillo with the flu virus. To state a claim that a defendant violated his civil rights, the plaintiff must show that the defendant personally participated in the alleged deprivation. *See Vance v. Rumsfeld,* 701 F.3d 193, 203 (7th Cir. 2012) ("[L]iability under a *Bivens*-like remedy is personal.") (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 676–77 (2009)).

The undisputed evidence shows that Norris was not at work on October 11, 2012, or any of the surrounding days. The record also shows that, while Mr. Bustillo received his insulin injection on October 11, 2012, Norris was not the nurse who administered that injection.

In response to the motion for summary judgment, Mr. Bustillo argues that Norris waived the argument that he was not personally involved in the acts at issue by not raising it sooner. But Norris rightly points out that the Seventh Circuit has directed that any defense based on the failure to exhaust administrative remedies be raised and determined before reaching the merits of the litigation. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). That was the appropriate course here where the exhaustion defense had been raised as to other claims in this case. Mr. Bustillo also argues generally that Norris is lying and that records have been fabricated. In support, he presents the statements of two other inmates that Karl Norris was "[o]ne of the prison nurses passing out medications and insulin injections to diabetics during October, 2012 in Unit F-2." This fact, however, is not in dispute. Norris admits that he was a nurse working in Mr. Bustillo's unit and that he administered medication to Mr. Bustillo and other inmates in the unit. The fact that Norris worked on Mr. Bustillo's unit during October of 2012 is insufficient to show that Norris was

working or administered the alleged injection of the flu virus on the precise date at issue. It remains undisputed that Norris was not working and did not administer any medications on October 11, 2012. Mr. Bustillo presents no sufficient basis to dispute Norris's evidence that he was not personally involved in the acts at issue. *See Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) ("[W]hen challenges to witness' credibility are *all* that a plaintiff relies on, and he has shown no independent facts—no proof—to support his claims, summary judgment in favor of the defendant is proper.") (citing *Dugan v. Smerwick Sewerage Co.*, 142 F.3d 398, 406 (7th Cir. 1998)).

### IV. Conclusion

It is undisputed that defendant Norris did not personally participate in any of the acts alleged in this case. Accordingly, Norris's motion for summary judgment [dkt 76] is **granted**. Judgment consistent with this Entry and with the Entry of August 11, 2014 shall now issue.

**IT IS SO ORDERED.**

Date: 03/10/2015

*[Signature: Jane E. Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

FERNANDO BUSTILLO
Reg. No. 02530-051
TERRE HAUTE - USP
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel